**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore F. Claassen, a married man acting in his separate capacity,<br><br>Counterclaimant,<br><br>v.<br><br>First Financial Bank, N.A., as Successor in Interest to the Federal Deposit Insurance Corporation, as Receiver for Irwin Union Bank,<br><br>Counter-Defendant | No. CV11-01728-PHX DGC<br><br>**ORDER** |

In December 2010, counter-defendant First Financial Bank ("FFB") commenced a judicial foreclosure and collection action against Claassen. Doc. 14-1. Claassen then filed a counterclaim against FFB, asserting breach of contract (count one), breach of the covenant of good faith and fair dealing (count two), and fraud (count three). Doc. 14-1. The Federal Deposit Insurance Corporation ("FDIC"), in its capacity as receiver for Irwin Union Bank, F.S.B. ("IUB-FSB"), has filed a motion to dismiss all of Claassen's counterclaims, pursuant to 12 U.S.C. § 1821[1] and Rules 12(b)(1) and 14(a)(2)(C) of the

---

[1] 12 U.S.C. § 1821(d)(13)(D) provides that: "no court shall have jurisdiction over (i) any claim or action for payment from . . . the assets of any depository institution for which the Corporation has been appointed receiver . . . or (ii) any claim relating to any act or omission of such institution or the Corporation as receiver." Furthermore, §1821(d)(6)(A) requires that a claimant utilize administrative remedies before filing a

Federal Rules of Civil Procedure, to the extent that the counterclaims relate to any act or omission of IUB-FSB or FDIC. Doc. 8 at 2.

Claassen denies that his counterclaim asserts any claim related to the FDIC's and/or IUB-FSB's conduct. Doc. 14 at 1–2. Claassen further contends that the alleged breaches and fraud occurred after FFB became the undisputed owner of the loan agreement. *Id.* at 1–2. Claassen maintains that he "does not, as alleged by the FDIC, seek recovery for the FDIC and/or Irwin's conduct." *Id.*

Claassen's counterclaim contains numerous allegations pertaining to acts or omissions of the FDIC or IUB-FSB. Doc. 14-1, at ¶¶ 21, 22, 24-33, 37, 39, 40, 47, 52. Federal law precludes the Court from acquiring jurisdiction over these claims, even when the claims are asserted against purchasers of assets from the FDIC. 12 U.S.C. § 1821(d)(13)(D); *Village of Oakwood v. State Bank & Trust Co.,* 519 F. Supp. 2d 730, 738 (N.D. Ohio 2007) *aff'd* 539 F.3d 373 (6th Cir. 2008). To the extent Claassen asserts such claims, his counterclaim will be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) and 12 U.S.C. § 1821.

**IT IS ORDERED:**

1. FDIC's motion to dismiss under Rule 12(b)(1) (Doc. 8) is **granted.** Counterclaims against FDIC or IUB-FSB, or based on acts or omissions of FDIC or IUB-FSB, are dismissed.

Dated this 25th day of October, 2011.

David G. Campbell
United States District Judge

---

claim against the FDIC, and that jurisdiction in such instance is proper "in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia."