1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First Financial Bank, N.A., as Successor in Interest to the Federal Deposit Insurance Corporation, as Receiver for Irwin Union Bank,<br><br>Plaintiff,<br><br>v.<br><br>Theodore F. Claassen, an unmarried man,<br><br>Defendant | No. CV11-1728-PHX DGC<br><br>**ORDER** |

In December 2010, First Financial Bank ("FFB") commenced a judicial foreclosure and collection action against Claassen in Maricopa County Superior Court. Doc. 14-1. Claassen filed a counterclaim against FFB in February 2011. Doc. 14-1. Following the counterclaim, FFB filed a third-party complaint against the Federal Deposit Insurance Corporation ("FDIC") alleging indemnification, breach of contract, breach of the implied duty of good faith and fair dealing, and breach of fiduciary duty. Doc. 14-1. The FDIC removed the lawsuit to this court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1442(a)(1), which grant the FDIC a statutory right to remove cases in which it is a party. Doc. 1 at 2.

Following removal, the FDIC filed a motion to dismiss all of FFB's claims pursuant to Rules 12(b)(6) or, in the alternative, for summary judgment under Rule 56.

Doc. 8. FFB responded to the motion. Doc. 25. The FDIC then granted FFB's request for indemnification for "claims brought by Claassen that were based on the actions of the FDIC-R or actions alleged to have been taken by FFB at the FDIC-R's direction." Doc. 28 at 4; Doc. 28, Exhibit 1. The FDIC also filed a reply to FFB's response, claiming this agreement to indemnify FFB negated FFB's claims of indemnification and breach of contract to indemnify. Doc.28. The motions are fully briefed. Docs. 8, 25, 28. No party has requested oral argument. For the reasons stated below, the court will grant the motion to dismiss.

Defendant Claassen has filed a motion to sever FFB's claims against the FDIC and to remand FFB's complaint and Claassen's counterclaim to Superior Court. Doc. 15. Because the FDIC's motion to dismiss FFB's claims will be granted, the Court will also grant the motion to remand. Claassen's request for oral argument is denied because the issues are fully briefed and argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**I.  FDIC's Motion to Dismiss FFB's Complaint.**

**A.  Breach of Contract (count two) and Indemnification (count one).**

FFB's breach of contract and indemnification claims are based on Article XII of its "Purchase and Assumption" agreement, which requires the FDIC to indemnify and hold FFB harmless for certain claims. Doc. 25 at Exhibit 1C. FDIC granted FFB's request for indemnification on November 1, 2011. *Id.* Because of the FDIC's grant of indemnification, there is no present case or controversy regarding indemnity. "Litigants will not satisfy the 'actual controversy' requirement when their dispute becomes moot prior to judicial resolution." *Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1023-24 (3d Cir. 1980) (quoting *Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969)). Counts one and two will be dismissed.

**B.  Breach of Fiduciary Duty (count four).**

FFB's claim for breach of fiduciary duty against the FDIC sounds in tort and is

therefore governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, which does not "authorize suits against such federal agency on claims which are cognizable under section 1346(b)." 28 U.S.C. § 2679(a). Neither party disputes that this claim is governed by the FTCA and is cognizable under section 1346(b).[1]

Because FFB's claim is cognizable under section 1346(b), it cannot be brought against the FDIC itself. *F.D.I.C v. Craft*, 157 F.3d 697, 706-707 (9th Cir. 1998) (holding that "an agency itself cannot be sued under the FTCA."). FFB's tort claim of breach of fiduciary duty will be dismissed.

### C. Breach of duty of good faith and fair dealing (count three).

FFB claims that the FDIC breached its duty of good faith and fair dealing by violating a contractual obligation to indemnify. Doc. 14-1 at 12. FDIC counters that this claim is duplicative of the count for breach of contract to indemnify. Doc. 8 at 7. "In Arizona, a covenant of good faith and fair dealing is implied in every contract." *Maleki v. Desert Palms Prof'l Props.*, LLC, 222 Ariz. 327, 214 P.3d 415, (Ariz.Ct.App.2009). When a plaintiff merely alleges "[b]reach of an express term in a contract," a claim for breach of the covenant is not proper. *Aspect Systems, Inc. v. Lam Research Corp.,* 2006 WL 2683642, at *3 (D.Ariz.2006); *see also Ireland Miller, Inc. v. Shee Atika Holdings Phoenix, LLC*, 2010 WL 2743653 (D. Ariz. July 12, 2010) (a breach of duty of good faith claim is duplicative of a breach of contract claim). Count three will be dismissed.

## II. Claassen's Motion to Remand.

Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to

---

[1] FFB notes that a claim is "cognizable" if it alleges the six elements outlined in 28 U.S.C. § 1346(b): "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *F.D.I.C. v. Meyer*, 510 U.S. 471, 477, 114 S. Ct. 996, 1001, 127 L. Ed. 2d 308 (1994). FFB asserts that each of these elements is met, and FDIC does not dispute this assertion. Doc. 25 at 10; Doc. 27 at 3.

the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). However, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The FDIC removed this case to federal court under 12 U.S.C. § 1819(b)(2)(B), which provides "the Corporation may . . . remove any action, suit, or proceeding from a State court to the appropriate United States district court," and 28 U.S.C. § 1442(a)(1), which allows a "civil action or criminal prosecution commenced in a State court against . . . (1) [t]he United States or any agency thereof" to be "removed by them to the district court of the United States." Both statutes require that the agency be a party to the suit. Because all claims against FDIC have been dismissed (*see also* Doc. 21), this case will be remanded to state court.

**IT IS ORDERED:**

1. FDIC's motion to dismiss (Doc. 8) is **granted** as stated above.
2. Claassen's motion to remand FFB's complaint and Claassen's counterclaim to superior court (Doc. 23) is **granted**. The Clerk is directed to transfer this case to Maricopa County Superior Court.

Dated this 22nd day of November, 2011.

_____
David G. Campbell
United States District Judge